

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL.
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

July 29, 1952

Hon. Henry Schlichting, Jr., N.D., Secretary
Texas State Board of Naturopathic Examiners
2201 West Texas Avenue
Midland, Texas

Opinion No. V-1486

Re: Authority of the Texas
State Board of Naturo-
pathic Examiners to limit
the period of time within
which applications for
licenses under the "grand-
father clause" will be
accepted.

Dear Sir:

     Your request for an opinion of this office
relates to Section 12 of Article 4590d, V.C.S. (the
Naturopathic Act of Texas). You are particularly de-
sirous of determining if the State Board of Naturo-
pathic Examiners has authority, by motion, to limit
the time in which an applicant could apply for license
under Section 12 of that act. You make further inquiry
whether the Board has authority to reject applications
subsequent to the closing date set by the Board.

     Section 12 of Article 4590d, V.C.S., which is
commonly referred to as the "grandfather clause" of the
Naturopathic Act, is as follows:

     "Any naturopathic physician who has
been practicing naturopathy in this State
for three (3) years next preceding the pas-
sage of this Act and when membership was
not fraudulently obtained, shall be grant-
ed a license under the provisions of this
Act, provided however, that any naturopathic
physician having resided in Texas three (3)
years and having practiced naturopathy for
one (1) year in Texas next preceding the pas-
sage of this Act will not be required to
have a certificate of proficiency from the
Minimum Standards Board as a prerequisite
for obtaining such naturopathic license;
naturopathic physicians in practice in this

State for more than one (1) year, but less than three (3) years, shall be examined in theory, philosophy, pathology, practice, symptomatology, and diagnosis, peculiar to naturopathy; all naturopathic physicians who have been in practice in this State for less than one (1) year shall be required to take examinations as provided in Section 8 hereof."

An examination of the above statute reflects that a practicing naturopath meeting the prerequisites would be granted a license under the "grandfather clause." This is a privilege given by statute, and there is no limitation as to the time element relating to the issuance of the same.

Since there is no limitation as to the time in which an applicant may apply for license under the "grandfather clause" of the Naturopathic Act, and since the Board is not authorized to adopt rules inconsistent with the statutory requirement, Margolin v. State, 151 Tex. Crim. 132, 205 S.W.2d 775 (1947); Williams v. State, 146 Tex. Crim. 430, 176 S.W.2d 177 (1943), it is our opinion that an applicant is entitled to a license under the "grandfather clause" at any time he sees fit to qualify. This opinion, however, is predicated upon the assumption that the applicant meets all the prerequisites contained in Section 12. We assume that compliance with Section 5 will limit the number of applicants for licenses under Section 12, since those persons without licenses may not practice in Texas.

## SUMMARY

The Legislature has not authorized the State Board of Naturopathic Examiners to limit the time in which an applicant may apply for a license under Sec. 12, Art. 4590d, V.C.S. (the "grandfather clause").

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By Burnell Waldrep
Assistant